IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| GARY THOMAS LEE, JR.,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF MARYLAND<br><br>    Respondent. | Civil Action No.: 1:21-cv-2660-LKG<br><br>Dated: December 21, 2021 |

**MEMORANDUM**

Petitioner Gary Thomas Lee, Jr., who is incarcerated in the Baltimore County Detention Center in Towson, Maryland, filed the above-captioned Petition for Writ of Habeas Corpus on October 11, 2021. ECF No. 1.

In his petition, Lee seeks to challenge the decision by Judge Purpura of the Circuit Court for Baltimore County to hold him without bail pending his trial. He states that the decision was unconstitutional, because "the only reason for the decision to hold me without bail was the nature of my offense[1] makes me a danger to society." *Id*. at 2. Lee asserts that every offense, with the exception of a capital offense, is entitled to bail and the court's estimation of his potential danger to society was not based on his risk of fleeing the jurisdiction or on any past criminal convictions. *Id*. Lee further takes issue with the State court's denial of his petition for writ of habeas corpus filed on September 7, 2021, after he was ordered held without bond on August 27, 2021. *Id*. at 4.

---

[1] Lee was indicted on 19 counts of various sex offenses including second-degree rape, second degree assault, third and fourth degree sex offenses, and sexual abuse of a minor who is a member of the family or household pursuant to Md. Code Ann., Crim. Law § 3-602(b)(2). *See State v. Lee*, Crim. Case: C-03-CR-20-003432 (Balt. Co. Cir. Ct. 12/07/2020) at http://casesearch.courts.state.md.us/casesearch/ (last viewed Nov. 3, 2021).

He remarks that he appealed the court's decision to deny his petition to the Maryland Court of Special Appeals but has not heard anything from the appellate court. *Id*. at 1.

Lee's petition has been construed as one filed pursuant to 28 U.S.C. § 2241, because he has not yet been convicted of an offense and is therefore not "in custody" pursuant to a State judgment. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Here, Lee admits his attempt to appeal the denial of a bond while he awaits trial has not rendered any results. In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because the constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Lee's claim that he is illegally confined without bail may be litigated in the State courts following a trial on the merits of the charges against him without harm to his constitutional rights.

To the extent that Lee challenges the basis on which the State court ordered him held without bond because it did so on the basis of the perceived risk he presents to the public, such consideration is within the permissible factors the court may consider when deciding whether to release a criminal defendant on bond.  Under Md. Rule 4-216.1(f)(2), the "judicial officer" considering release "shall consider . . . the nature and circumstances of the offense charged, the nature of the evidence against the defendant, and the potential sentence upon conviction; . . . the danger of the defendant to an alleged victim, another person, or the community; . . . and any other factor bearing on the risk of a willful failure to appear and the safety of each alleged victim or other person, or the community," among other factors.  Lee's contention that the judge improperly based the decision to hold him without bond on a concern for the danger he may pose to others given the nature of the offenses with which he is charged is without merit.

By separate Order which follows, the petition shall be dismissed.

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge